

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 14, 1959

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. WW-545

Re: Application of Article
2784e-1, V.C.S., as
amended, to an independ-
ent school district where-
in a maximum maintenance
tax of $1.30, instead of
$1.50, has been authorized
by election.

Dear Sir:

You request our opinion regarding the application of Chapter
528, Acts 1955, 54th Legislature, Regular Session, (S.B. 116),
as amended, codified as Article 2784e-1, V.C.S., to an inde-
pendent school district wherein a maximum annual maintenance
tax of $1.30, instead of $1.50, has been authorized at an
election wherein a proposition similar to the following was
submitted:

> "Shall the (governing body) of the _____
> Independent School District be authorized to
> assess, levy, and collect an annual ad valo-
> rem tax of not to exceed One Dollar and Thirty
> Cents ($1.30) on the One Hundred Dollars
> ($100.00) valuation of taxable property in
> said District for the further maintenance of
> public free schools, as authorized by Chapter
> 528, Acts 1955, 54th Legislature, Regular
> Session, as amended, provided that such tax
> shall not exceed in any year the limits pre-
> scribed by said Chapter."

In Subsection 1 of Section 1 of Article 2784e-1, supra, it is
stated that such districts may levy an annual maintenance tax
" . . . not to exceed . . . One Dollar and Fifty Cents ($1.50)
on the One Hundred Dollars ($100.00) assessed value of taxable

property in the district . . . Provided, however, that such annual ad valorem tax levied may not exceed the maximum established by a majority vote of the resident qualified taxpaying voters of the district, voting in an election or elections held for such purpose." (Emphasis ours)

It will be observed that this language sets the ultimate limit of such tax at $1.50 and further limits the tax to whatever maximum may be established by such election.

Not only may the specified class of voters of the district originally fix the maximum annual maintenance tax at any amount within the $1.50 limit established by Subsection 1 of Section 1 of the statute, but they may later diminish or increase the maximum authorization within that limit as contemplated in Subsection 3 thereof, which is as follows:

> "No tax shall be levied, collected, abrogated, diminished, or increased, and no bond shall be issued hereunder until such action has been authorized by a majority of the votes cast at an election held in the district for such purposes, at which none but property taxpaying qualified voters of such district, whose property has been duly rendered for taxation, shall be entitled to vote." (Emphasis ours)

Section 3 of the statute contains the following:

> ". . . this Act shall not apply to any school district until and unless a maintenance tax hereunder is adopted by majority vote of the resident, qualified, property tax-paying voters of the district who own taxable property therein and which has been duly rendered for taxation, voting at an election therefor, and if such tax is so adopted, then the provisions of this Act shall apply to such District;" (Emphasis ours)

Your question is answered in the affirmative.  The proper approval by election of a proposition such as you have submitted, whether the maximum annual maintenance tax specified therein be $1.30 or any other amount at or below the $1.50 statutory limit, will serve to adopt the tax so as to cause the provisions of Article 2784e-1, supra, to apply to such a district.

This construction of the statute is reflected in the established policy of the Attorney General who has in several instances approved bonds issued by independent school districts under the provisions of said Article 2784e-1 where the authorized maximum annual maintenance tax was less than $1.50.

## SUMMARY

> Article 2784e-1, V.C.S., as amended,
> applies to an independent school district wherein a maximum annual maintenance tax of $1.30, instead of $1.50, has been properly authorized by election under said statute.

Yours very truly,

WILL WILSON
Attorney General

By: Howard W. Mays
Howard W. Mays
Assistant

HWM-s

APPROVED:
OPINION COMMITTEE
George P. Blackburn, Chairman

Marietta Payne
Jack Goodman
Byron Fullerton
L. P. Lollar
Henry G. Braswell

REVIEWED FOR THE ATTORNEY GENERAL

By:   W. V. Geppert